IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY MILLER,,
   Plaintiff,

vs.             3:09cv277/RV/MD

D. ELLIS, et al.,
   Defendants.

**ORDER and**
**REPORT AND RECOMMENDATION**

  Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for a preliminary injunction. (Doc. 1-4). Leave to proceed *in forma pauperis* has been granted by separate order entered on this date.

  Plaintiff, who is currently incarcerated at the Santa Rosa Correctional Institution ("SRCI") names thirty-eight (38) defendants in this action. With the exception of a single defendant who works at the DOO office in Tallahassee, the remaining defendants are all employees of SRCI. Plaintiff claims that through the actions or omissions of the various defendants he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, in that, among other things, he has been subjected to excessive force including the unwarranted use of chemical agents, he has not received three daily meals, bogus disciplinary reports have been written against him, he has been subject to retaliation for his efforts to seek relief through the grievance process and he has been administratively confined without due process of law. Plaintiff seeks injunctive relief, expungement of his disciplinary record, compensatory, punitive and nominal damages and his costs of this suit.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the amended complaint, it appears this case should be dismissed as malicious.

On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, p. 3). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no."

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*, p. 4). On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no." (*Id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has

in effect stated that he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

The Clerk has advised, and this Court may take judicial notice, that plaintiff has previously filed a petition pursuant to 28 U.S.C. § 2254 in 4:05cv331/MP/AK, Miller v. Crosby. This petition was dismissed on October 11, 2005 as untimely. In addition to filing the initial petition, plaintiff and then-petitioner also appealed the dismissal of the petition. The Eleventh Circuit affirmed the district court's ruling in a written opinion entered on May 23, 2006 with the mandate issuing on July 14, 2006. (Case 4:05cv331/MP/AK, doc. 37).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 3) is DENIED as moot.

And it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

That plaintiff's motion for injunctive relief (doc. 4) be DENIED as moot.

At Pensacola, Florida, this 15th day of July, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**